[Civ. No. 53676. First Dist., Div. One. Apr. 15, 1983.]

CALVERT FIRE INSURANCE COMPANY, Plaintiff and Appellant, v. HAL CROPPER et al., Defendants and Respondents.

## COUNSEL

Bullen, McKone, McKinley, Gay & Keitges and Joseph J. DeHope, Jr., for Plaintiff and Appellant.

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Michael J. Brady, Mark G. Bonino, Abramson & Bianco and Bennett M. Cohen for Defendants and Respondents.

## OPINION

**BREINER, J.**\*—Plaintiff appeals from two judgments dismissing its complaint, as sanctions for its wilful failure to obey a discovery order (Code Civ. Proc., § 2034). We affirm.

Appellant insurer issued a policy of aircraft liability insurance to Hoehnle through its local agent, Cropper. During the policy period, Hoehnle's airplane crashed, resulting in the death of Lange and a subsequent wrongful death action filed by Lange's heirs (hereafter, Lange) against the insured.

Calvert filed the instant action seeking declaratory relief, reformation, and indemnity, contending that the coverage was limited to $100,000 per person, and in the alternative, that Cropper's negligence requires him to indemnify plaintiff. Respondents (Cropper and Lange) contended that the coverage was $1 million per person; the wrongful death action was settled by means of a stipulated judgment against Hoehnle for $275,000, a covenant not to execute against the insured's personal assets, and an assignment to Lange of any rights he may have against appellant.

In April 1979, defendant Cropper served appellant with interrogatories (Code Civ. Proc., § 2030) and a request for production of documents (Code Civ. Proc., § 2031), seeking to determine the identity of witnesses and the nature of appellant's contentions.

At appellant's request, Cropper granted it four extensions of time to respond to the discovery requests, totalling seventy-one days. Twenty days after the end of the extension period, Cropper filed a motion to compel (Code Civ. Proc., § 2034, subd. (a)), noticing the motion for a date twenty-seven days later. By stipulation, appellant obtained an order granting it an additional twenty days to answer the requests; by virtue of that order, appellant was required to comply by November 4, 1979, a date more than six months from the service of the discovery requests.

---

\*Assigned by the Chairperson of the Judicial Council.

On January 3, 1980, after waiting almost two more months, Cropper filed a motion to dismiss the complaint for failure to comply with the order (Code Civ. Proc., § 2034, subds. (b) and (d)). On the date of the hearing, appellant still had not complied, but rather filed written opposition in which its attorney admitted the default and his inability to explain why appellant had not cooperated with its attorney in providing the discovery that had been requested and ordered. Prior to the hearing, Lange, who had not initiated the discovery, joined in Cropper's motion. The motion to dismiss the complaint was granted as to both respondents.

Subsequently, appellant moved to vacate the order of dismissal; that motion was granted as to Lange and denied as to Cropper. The order vacating the dismissal as to Lange was based upon the fact that the declaration of Lange's attorney by which he joined in Cropper's original motion to dismiss was not properly verified. Shortly thereafter, Lange filed a motion (accompanied by a properly verified declaration) to vacate the order which had vacated the first dismissal; that motion was granted, resulting in the second judgment from which appellant has appealed.

■ Appellant raises two issues. The first, applying to both dismissals generally, is whether that sanction is appropriate.

The facts shown in this case amply support the appropriateness of the actions taken by the trial court. The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action. (*Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 380 [137 Cal.Rptr. 332]; see also *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 796-797 [149 Cal.Rptr. 499]; *Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 782 [66 Cal.Rptr. 776].) Only two facts are absolutely prerequisite to imposition of the sanction: (1) there must be a failure to comply, conceded here by appellant; and (2) the failure must be wilful (Code Civ. Proc., § 2034, subd. (d)). Here, the trial court found the essential fact of wilfulness, and such finding is entitled to deference on appeal. (*Flynn* v. *Superior Court* (1979) 89 Cal.App.3d 491, 496 [152 Cal.Rptr. 796]; *Cornwall* v. *Santa Monica Dairy Co.* (1977) 66 Cal.App.3d 250, 252-253 [135 Cal.Rptr. 761].) Moreover, appellant does not seriously dispute the finding itself, but contends rather that the good faith efforts of *counsel* should ameliorate the obviously wilful behavior of the *party*. However, section 2034 addresses the *party's* conduct, not that of counsel.

Under these circumstances, we cannot conclude that the sanction of dismissal constituted an abuse of discretion. (*Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at pp. 796-797; *Cornwall* v. *Santa Monica Dairy Co., supra,* 66 Cal.App.3d 250; *Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805 [123 Cal.Rptr. 83]; *Housing Authority* v. *Gomez* (1972) 26 Cal.App.3d 366 [102 Cal.Rptr.

*657]; Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520 [94 Cal.Rptr. 85].)

█ Appellant next argues that Lange, who was not a party to the original request for discovery, is not entitled to the benefit of sanctions for noncompliance. There is no case authority on point, but a holding in appellant's favor would unduly restrict the statutory language and would foster needless filings of discovery pleadings in court dockets that are already overburdened.

In particular, appellant argues that since Lange did not propound the interrogatories or request the documents, he may not move for sanctions under subdivision (a) of section 2034. However, that argument is not relevant, because the sanction at issue was imposed under subdivisions (b) and (d). Subdivision (a) does, as appellant contends, provide that the "proponent" of the discovery may move for sanctions; but subdivisions (b) and (d) empower the court to sanction the "party [who] refuses to obey" or the "party [who] wilfully fails" to comply, respectively, without any limitation as to who may request the sanction.

On the face of subdivisions (b) and (d), there is no limitation of the potential beneficiaries of the sanction. Those subdivisions authorize the court to dismiss the "action or proceeding" or "any" part thereof. The plain implication is that an opposing party who did not initiate the discovery may benefit from the sanction without even requesting relief.

Moreover, appellant's interpretation would increase the circulation of paper in litigation, to no useful purpose. In the circumstances shown, to require a coparty, whose interest is identical, to engage in a formal ritual simply duplicating the original party's discovery request merely to perfect the coparty's right to sanctions upon noncompliance would actually threaten litigants similarly situated to appellant with a proliferation of identical discovery requests. Such an exercise would serve no legitimate discovery purpose, and there is nothing in the language of section 2034 or in reason which would support such a strained rationale.

We hold that sanctions imposed under subdivisions (b) and (d) of section 2034 may operate to the benefit of a party who did not initiate discovery.

The judgments are affirmed.

Newsom, Acting P. J., and Holmdahl, J., concurred.