[No. B190805. Second Dist., Div. Seven. Apr. 3, 2007.]

LEONARD O. PARKER, Plaintiff and Appellant, v.
WOLTERS KLUWER UNITED STATES, INC., et al., Defendants and
Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for
publication with the exception of parts II., III. and IV.

## COUNSEL

Leonard O. Parker, in pro. per., for Plaintiff and Appellant.

Pillsbury Winthrop Shaw Pittman, George S. Howard, Jr., and Daphne P. Bishop for Defendants and Respondents.

## OPINION

**JOHNSON, Acting P. J.**—After previous orders and monetary sanctions failed to bring about Leonard O. Parker's compliance with the discovery process the trial court sanctioned Parker by dismissing his complaint against all defendants and entered his default on the cross-complaint brought by two of the defendants. Parker appeals from the ensuing judgment and challenges the validity of the underlying discovery orders which led to it.

We affirm the judgment in part and reverse it in part. We reverse one of the monetary sanction orders. We hold the trial court erred in imposing terminating sanctions in favor of parties who did not propound discovery themselves or show how they were prejudiced by Parker's failure to comply with the discovery requests propounded by others.

## FACTS AND PROCEEDINGS BELOW

Parker brought an action against his former employer, Wolters Kluwer United States, Inc. (WKUS), its subsidiary CCH, Inc.,[1] and three of its employees, Cyndi Andreu, Jackie Staley and Kathy Baker, alleging various employment-related torts and breaches of contract. Defendants answered the complaint and WKUS filed a cross-complaint to recover excess benefits paid to Parker under its short-term disability plan.

In response to the cross-complaint, Parker filed demurrers, motions to strike and a motion to quash service. He also demurred and moved to strike the defendants' answer to his complaint. The trial court denied Parker's motions and overruled his demurrers. Parker then answered the cross-complaint.

WKUS attempted to obtain discovery from Parker. As we discuss more fully below, Parker failed to properly respond to interrogatories and to submit

---

[1] We consider WKUS and CCH a single defendant and refer to them collectively as WKUS.

to a deposition. After monetary sanctions did not result in Parker's cooperation the trial court struck Parker's complaint as to all four defendants and entered his default on the cross-complaint.

Following a default prove-up the trial court entered judgment in favor of WKUS on its cross-complaint in the amount of $3,698.14 plus prejudgment interest and included in the judgment a $2,200 discovery sanction in favor of WKUS for Parker's refusal to respond to WKUS's interrogatories.[2] The judgment also dismissed Parker's complaint as to all four defendants.

The trial court denied Parker's motions to vacate, set aside and reconsider its judgment and orders. Parker filed a timely appeal from the judgment through which he also challenges the trial court's orders with respect to the pleadings and discovery.

## DISCUSSION

I. *AN APPELLATE BRIEF INCORPORATING BY REFERENCE POINTS AND AUTHORITIES FILED IN THE TRIAL COURT DOES NOT SATISFY THE REQUIREMENT A BRIEF "SUPPORT EACH POINT BY ARGUMENT AND, IF POSSIBLE, BY CITATION OF AUTHORITY." (CAL. RULES OF COURT, RULE 8.204(a)(1)(B).)*

 ■ Throughout his brief on appeal Parker alludes to arguments he made in the trial court and purports to incorporate these arguments by reference in his appellate brief. It is well established, however, this practice does not comply with rule 8.204(a)(1)(B)[3] of the California Rules of Court, which requires an appellate brief "support each point by argument and, if possible, by citation of authority."[4]

While incorporation by reference might seem to make sense ecologically, by reducing the amount of paper used in appellate briefs, the actual result would be to increase the amount of paper used in an appeal. The rules require an original and four copies of the appellate brief.[5] The original brief stays with the record on appeal. Each of the three justices on the panel deciding the

---

[2] The court's minute order reflects a sanction in the sum of $2,220. The judgment controls and to avoid confusion we will refer to the sanction amount as $2,200.

[3] Formerly California Rules of Court, rule 14(a)(1)(B).

[4] *People v. Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481]; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 109 [87 Cal.Rptr.2d 754].

[5] California Rules of Court, rule 8.44(b)(1).

case receive copies of the briefs which they can use at their desks, work on at home, or take with them when traveling for an engagement outside the court. The fourth copy remains in the clerk's office for public inspection. Only one copy of the trial court record is filed in the appellate court, however.[6] If all three justices had to share this single record in order to review, research and evaluate a party's arguments the time it would take for the court to decide the appeal would considerably increase. This would work a hardship on the parties to that appeal and to the parties in other appeals awaiting their turn for consideration and decision. Alternatively, four copies of the trial court record would have to be filed with the Court of Appeal. Because these records often consist of thousands of pages it is easy to see how the amount of paper used in the appeal would increase significantly.

Therefore, in deciding the issues in this appeal we have not considered Parker's "incorporated" arguments.[7]

II.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V.   THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN IMPOSING A TERMINATING SANCTION BY DISMISSING PARKER'S COMPLAINT AGAINST WKUS.

### A.   Events Leading Up to the Terminating Sanction.

#### 1.   Failure to respond to interrogatories.

In June 2005 WKUS served Parker with a set of form interrogatories and a set of special interrogatories. Parker did not answer these interrogatories within the time provided by statute. After several telephone calls and e-mails from counsel for WKUS, Parker promised to serve his responses by August 5, 2005. When no responses arrived by August 17 WKUS filed a motion to compel. This motion was taken off calendar when Parker served his responses later in August. Parker did not verify his responses and objected to some interrogatories although all objections were waived because the responses were late.[19] In addition, WKUS found many of Parker's responses inadequate.

---

[6] California Rules of Court, rule 8.150(a).

[7] *People v. Stanley, supra,* 10 Cal.4th at page 793; *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482 [40 Cal.Rptr.3d 392].

*See footnote, *ante,* page 285.

[19] Code of Civil Procedure section 2030.290, subdivision (a); all further statutory references are to the Code of Civil Procedure.

Parker ignored WKUS's efforts to meet and confer concerning his responses. Therefore, in October 2005 WKUS filed a motion to compel further answers to the form and special interrogatories. In his opposition to the motion Parker argued his responses were adequate and proper but did not deny his failure to meet and confer with WKUS regarding those responses.

In November 2005 the trial court ordered Parker to provide supplemental responses, properly verified, within 10 days of its order. It sanctioned Parker in the sum of $2,200.00. At the time of the motion for terminating sanctions in December 2005 Parker still had not served his supplemental responses.

### 2. *Failure to attend and participate in depositions.*

WKUS noticed Parker's deposition for August 29, 2005. Parker appeared 40 minutes late, refused to be sworn or testify and left stating: "This deposition is over." After Parker refused to reconsider his position, and with trial three months away and the deadline for filing a motion for summary judgment one month away, WKUS filed a motion to compel Parker's deposition. The trial court granted this motion and ordered Parker to appear for his deposition on October 24, 2005. The court denied WKUS's request for monetary sanctions.

Parker arrived for his October 24 deposition with his one- or two-year-old granddaughter whom he brought with him into the deposition room. The child was sick and by Parker's own admission had "been crying all day" and was "screaming and hollering" throughout the deposition. After being deposed for approximately an hour Parker informed defense counsel he was leaving to take his granddaughter to a doctor and would not return to Los Angeles "for no deposition . . . unless you pay for it." Defense counsel stated to Parker: "[I]f you need to take your granddaughter to the doctor, you should take her to the doctor" but counsel notified Parker he would seek an order from the trial court directing him to return to resume his deposition.

On October 26, 2005, the trial court issued an ex parte order directing Parker to appear for his deposition on November 8 "unaccompanied by his granddaughter or any other person other than an attorney" and awarded sanctions against Parker in the sum of $1,619.75.

Parker failed to appear for his court-ordered deposition on November 8. He gave no prior warning he intended to disobey the trial court's order and did not respond to telephone calls from defense counsel regarding his whereabouts.

By this time the date for filing a summary judgment motion had passed, trial was less than 30 days away, the status conference was 20 days away and WKUS had not received Parker's supplemental responses to interrogatories nor had it been able to complete his deposition. The trial court granted defendants' ex parte motion to continue the pretrial and trial dates.

On November 16 all four defendants moved for terminating, evidence and monetary sanctions against Parker. The motion was based on Parker's conduct described above as well as other less serious violations of the discovery rules. The trial court granted the motion finding "the failure of plaintiff to provide written responses to discovery and the failure of plaintiff to appear for his deposition, pursuant to the October 26, 2005 order, to be willful and without justification." As a sanction the court struck Parker's complaint as to all four defendants and his answer to the WKUS cross-complaint and entered his default on the cross-complaint.

Prior to the default prove-up on the cross-complaint Parker made, and the trial court denied, a motion to vacate the default and reinstate his complaint and his answer to the cross-complaint.

At the prove-up hearing on the cross-complaint the trial court awarded damages to WKUS in the sum of $3,698.14 plus prejudgment interest. The court also added to the judgment the $2,200 sanction for failing to file supplemental responses to interrogatories.

Following entry of judgment Parker moved to set aside the judgment and to reconsider the judgment and orders of the court. This motion was denied.

>    B.  *The Trial Court Did Not Err When It Imposed a $2,200.00
>        Sanction on Parker for His Unsuccessful Opposition to the
>        Motion to Compel Further Responses to Interrogatories.*

Parker contends the trial court erred when it sanctioned him $2,200 in connection with its order requiring him to provide further answers to interrogatories because there had been no previous order compelling him to respond, the court did not make a finding his opposition lacked substantial justification, and the amount of the sanction was unreasonable and excessive. We reject Parker's contentions.

■ Monetary sanctions are allowed against a party refusing to make discovery even if the party has not refused to obey a previous order. The trial court is not required to make a specific finding the party's opposition to a motion to compel further responses was without substantial justification.

Section 2030.300, subdivision (d) states: "The court *shall* impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a further response to interrogatories, *unless* it finds that the one subject to the sanction acted *with* substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.) Nothing in the statute suggests a party is entitled to one free refusal to serve further responses before a monetary sanction can be imposed. On the contrary, the plain language of the statute requires the trial court to impose a monetary sanction even for the first offense. The only exception to this requirement is for a circumstance constituting a "substantial justification" for failing to respond. The trial court must make a finding this exception exists. The court need not make an explicit finding the exception does not exist as this is implied in the order awarding sanctions.

Furthermore, WKUS established without contradiction Parker refused to meet and confer regarding further responses to the interrogatories. This is a separate offense entitling the moving party to monetary sanctions "[n]otwithstanding the outcome of the particular discovery motion."[20]

As to the amount of sanctions, section 2023.030, subdivision (a) authorizes the trial court to impose an amount representing "the reasonable expenses, including attorney's fees, incurred by anyone as a result" of a party's misuse of the discovery process. In support of the request for sanctions in this case defense counsel submitted a declaration stating they had expended an hour reviewing Parker's responses to interrogatories, four hours attempting to meet and confer with Parker and drafting a formal meet and confer letter, and 10 hours preparing and reviewing the motion to compel further responses. Counsel estimated they would spend an additional three hours reviewing and preparing a reply to Parker's opposition to the motion and attending the hearing on the motion. Counsel billed their client a blended rate of $370.00 per hour. Accordingly, counsel asked for sanctions in the sum of $6,600.00. The trial court cut that request by two-thirds. We cannot say the court abused its discretion in making this award.[21]

---

[20] Section 2023.020.
[21] Cf. *Ghanooni v. Super Shuttle* (1993) 20 Cal.App.4th 256, 262 [24 Cal.Rptr.2d 501].

C.  *The Trial Court Did Not Err When It Ordered Parker to Appear for His Deposition on November 8 but Did Err in Its Ex Parte Imposition of Monetary Sanctions for His Disruption and Refusal to Proceed With the October 24 Deposition.*

Parker contends the trial court erred in granting WKUS's ex parte motion ordering him to attend the October 24 deposition in Los Angeles "2000 miles from his place of residence" and in sanctioning him $1,619.75 for disrupting and refusing to proceed with his deposition.

■  A party desiring to take the deposition of a natural person who is a party at a place more distant than otherwise permitted under section 2025.250 (generally 75 miles from the deponent's residence) should first obtain a court order under section 2025.260. Parker, however, waived any objection to the location of the deposition by failing to serve a written objection on WKUS at least three calendar days prior to the date of the deposition.[22] Furthermore, Parker failed to submit a declaration or any other evidence his residence is 2,000 miles from Los Angeles. We note Parker used an address in Torrance, a Los Angeles suburb, on his complaint and answer to the cross-complaint. The notice of deposition was sent to this Torrance address and Parker obviously received it because he presented himself on the date and at the place noticed.

Parker further contends the ex parte order of October 26 directing him to appear for his deposition on November 8 and imposing a monetary sanction for not submitting to his deposition on October 24 was invalid because it was issued without notice and an opportunity to be heard.

■  The discovery law contemplates a need may arise for an ex parte motion to compel a witness to appear and answer questions at a deposition. Section 2025.480, subdivision (c) provides notice of a motion to compel answers at a deposition "shall be given to all parties and to the deponent either orally at the examination, or by subsequent service in writing."

Ex parte applications to the superior court are authorized by the California Rules of Court, rules 3.1200 through 3.1207. Upon reviewing the record we

---

[22] Section 2025.410, subdivision (a) states in relevant part: "Any party served with a deposition notice that does not comply with Article 2 [which includes the travel limitation of section 2025.250] waives any error or irregularity unless that party promptly serves a written objection specifying that error or irregularity at least three calendar days prior to the date for which the deposition is scheduled . . . ."

conclude WKUS complied with the requirements for an ex parte application to compel Parker's attendance at a deposition.

With respect to notice, rule 3.1203 of the California Rules of Court provides in relevant part "[a] party seeking an ex parte order must notify all parties no later than 10:00 a.m. the court day before the ex parte appearance . . . ." The record shows that as Parker walked out on his Monday October 24 deposition[23] counsel for WKUS told him: "We are going to notice and are noticing an ex parte appearance on Wednesday before Judge Willett to seek a protective order to have you ordered to come back." Counsel further informed Parker he would seek the order at 8:30 a.m. Parker replied, "I don't care what you do . . . I'm not going to be participating. I'm going to be back in Atlanta." Thus, the record shows Parker received two court days' advance notice of WKUS's ex parte appearance, longer than the rules require.[24]

Discovery sanctions, however, cannot be awarded ex parte. Section 2023.030 states in relevant part: "[T]he court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose [monetary] sanctions against anyone engaging in conduct that is a misuse of the discovery process." In *Alliance Bank v. Murray* we held when a discovery statute requires a notice and opportunity for hearing before the imposition of sanctions the statute requires a written notice served in accordance with the timeframes set out in section 1005.[25] A sanction order issued ex parte is void.[26] Therefore, the $1,619.75 sanction against Parker for disrupting and refusing to proceed with his deposition on October 24 must be reversed.[27]

A detailed analysis of Parker's lesser contentions with respect to the trial court's underlying discovery orders is not necessary. We have examined his points and find them to be without merit.[28]

---

[23] See discussion at pages 292 through 293, above.

[24] Technically the deposition officer should have been the one to give Parker oral notice of the motion to compel and direct his attendance. (Code Civ. Proc., § 2025.480, subd. (c).) Failure to comply with this provision was harmless error, however, because Parker clearly heard and understood the notice and responded he would not be there.

[25] *Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 5–6 [207 Cal.Rptr. 233]; accord, *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 208 [26 Cal.Rptr.3d 823].

[26] *Sole Energy Co. v. Hodges, supra,* 128 Cal.App.4th at page 208. Our ruling does not apply to the $2,200 sanction against Parker for failing to respond to WKUS's interrogatories. That sanction was imposed after a regularly noticed motion to compel further responses and for sanctions.

[27] The trial court could have imposed a monetary sanction for Parker's misbehavior at the October 24 deposition when it ruled on defendants' regularly noticed motion for sanctions on December 30 but it did not do so.

[28] See *People v. Rojas* (1981) 118 Cal.App.3d 278, 290 [173 Cal.Rptr. 64].

D. *The Trial Court Did Not Abuse Its Discretion in Imposing a Terminating Sanction in Favor of WKUS by Dismissing Parker's Complaint.*

"The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action."[29] A decision to impose the ultimate sanction—a judgment in the opposing party's favor—should not be made lightly. "But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction."[30] Here, the record provides ample support for the trial court's actions.

■ The undisputed facts show Parker refused to testify at his August 29 deposition; disrupted and unilaterally terminated his October 24 deposition; violated the trial court's order to appear for his November 8 deposition; and violated the court's November 3 order to provide verified supplemental answers to interrogatories. In addition, Parker unsuccessfully made or opposed five discovery motions; failed to timely respond to interrogatories and then filed untimely objections; and failed to meet and confer with opposing counsel regarding compliance with discovery requests. Two previous orders awarding monetary sanctions against Parker did not affect his willingness to cooperate in the discovery process.

In light of Parker's refusal to cooperate with WKUS's discovery with respect to his complaint against WKUS the trial court did not abuse its discretion in dismissing his complaint against this defendant.

VI. *THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING TERMINATING SANCTIONS IN FAVOR OF PARTIES WHO DID NOT PROPOUND DISCOVERY THEMSELVES OR SHOW HOW THEY WERE PREJUDICED BY PARKER'S FAILURE TO COMPLY WITH THE DISCOVERY REQUESTS PROPOUNDED BY OTHERS.*

For the reasons explained in part V., above, we have no difficulty affirming the judgment dismissing Parker's complaint against WKUS as a sanction for Parker's misuse of the discovery process. WKUS, as a defendant in Parker's

---

[29] *Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 904 [190 Cal.Rptr. 593].

[30] *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279–280 [26 Cal.Rptr.3d 831].

action, propounded interrogatories to Parker, noticed his deposition and moved to compel his responses to the interrogatories and his attendance at his deposition.

The circumstances are different with respect to the individuals named as defendants in Parker's complaint, Andreu, Staley and Baker, and with respect to WKUS's cross-complaint against Parker. Andreu, Staley and Baker did not propound discovery nor did they join in the motions to compel Parker's answers to interrogatories or attendance at his deposition. Their only involvement in the discovery proceedings was to join in WKUS's motion for terminating sanctions. Furthermore, WKUS did not propound discovery with respect to its cross-complaint against Parker but only as to Parker's complaint against WKUS.

The appellate courts have given conflicting answers when asked whether discovery sanctions can be awarded in favor of parties who did not propound the discovery which triggered the sanctions.

In *Calvert Fire Ins. Co. v. Cropper* the court held defendants who did not propound interrogatories to the plaintiff were nevertheless entitled to a dismissal of the action against them as a sanction for the plaintiff's failure to respond to interrogatories propounded by another defendant.[31] In *Townsend v. Superior Court*, which did not mention *Calvert*, the court reversed an order awarding monetary sanctions to defendants who "neither having noticed the deposition nor initiated the motion to compel, were but incidental beneficiaries to both proceedings."[32]

*Calvert*, which upheld a terminating sanction in favor of the nonpropounding parties, relied in part on language in the governing statute, former section 2034,[33] and in part on the fact the parties who did not propound the interrogatories were nevertheless harmed by the plaintiff's refusal to answer. The court explained: "[T]he sanction at issue was imposed under [section 2034] subdivisions (b) and (d). Subdivision (a) does, as appellant contends, provide that the 'proponent' of the discovery may move for sanctions; but subdivisions (b) and (d) empower the court to sanction the 'party [who] refuses to obey' or the 'party [who] willfully fails' to comply, respectively,

---

[31] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905.

[32] *Townsend v. Superior Court* (1998) 61 Cal.App.4th 1431, 1438 [72 Cal.Rptr.2d 333].

[33] Repealed by Statutes 1986, chapter 1334, section 1, page 4700 and subject matter moved to section 2030, subdivisions (k) and (*l*). Section 2030 was repealed effective July 1, 2005, and its provisions reenacted without substantive change in sections 2030.010 through 2030.410. (Stats. 2004, ch. 182, § 23.) The discovery orders in the present case were made under the 2005 statute.

without any limitation as to who may request the sanction."[34] Therefore, the court concluded, "[o]n the face of subdivisions (b) and (d), there is no limitation of the potential beneficiaries of the sanction" and "[t]he plain implication is that an opposing party who did not initiate the discovery may benefit from the sanction without even requesting relief."[35] The court did not have to decide, however, whether subdivisions (b) and (d) would permit a nonpropounding party who had no stake in the discovery to benefit from the sanction awarded to the propounding party because the court found the interests of the nonpropounding parties were "identical" to those of the propounding parties.[36] Under those circumstances, the court reasoned, requiring the nonpropounding party to duplicate the propounding party's discovery merely to perfect the nonpropounding party's right to sanctions would result in "a proliferation of identical discovery requests . . . serv[ing] no legitimate discovery purpose."[37] Nothing "in the language of section 2034 or in reason . . . would support such a strained rationale," the court concluded. (*Calvert Fire Ins., Co. v. Cropper, supra,* 141 Cal.App.3d at p. 905.)

*Townsend,* which reversed a monetary sanction in favor of the nonpropounding parties, relied on language from former section 2025, subdivision (*o*) which provided: " 'If a deponent fails to answer any question . . . the party seeking discovery may move the court for an order compelling that answer . . . .' "[38] As previously mentioned, the court did not acknowledge the *Calvert* opinion nor did it expressly evaluate the concurrence of interests between the propounding and nonpropounding parties. The court did observe "[m]onetary sanctions are designed to recompense those who are the victims of misuse of the Discovery Act"[39] suggesting it found the nonpropounding parties were not adversely affected by the opposing party's misuse of the discovery process.

As *Calvert* and *Townsend* illustrate, the discovery statutes do not provide a clear answer to the question whether a party who did not propound the discovery may nevertheless be awarded sanctions against the party who failed to respond to it. Each opinion relied on a different provision of the discovery law to support its conclusion. In *Calvert* the court acknowledged subdivision (a) of former section 2034 (now § 2030.300, subd. (a)) provided the

---

[34] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905, first bracketed phrase added.

[35] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905.

[36] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905.

[37] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905.

[38] *Townsend v. Superior Court, supra,* 61 Cal.App.4th at page 1438, italics omitted. Effective July 1, 2005, section 2025, subdivision (*o*) was repealed and renumbered without substantive change as section 2025.480, subdivision (a). (Stats. 2004, ch. 182, § 23.) The discovery orders in the present case were made under the 2005 statute.

[39] *Townsend v. Superior Court, supra,* 61 Cal.App.4th at page 1438.

"proponent" of the discovery may move for sanctions but relied instead on subdivisions (b) and (d) (now § 2030.300, subd. (e)) which, it concluded, empowered the trial court to sanction a party who " 'refuses to obey' " and a party who " 'willfully fails' " to comply with discovery orders "without any limitation as to who may request the sanction."[40] In contrast, the *Townsend* court relied exclusively on the language in former section 2025, subdivision (*o*) (now § 2025.480, subd. (a)) stating " 'the party seeking discovery may move the court for an order compelling [an] answer' " which the court concluded meant "outsiders [are] not entitled to be awarded sanctions."[41] In reaching this conclusion the court ignored another provision of subdivision (*o*) (now § 2025.480, subd. (g)) which, like former section 2034, subdivision (b) relied on in *Calvert*, authorized the trial court to sanction "a deponent [who] fails to obey an order" to respond to discovery.

Complicating matters further, neither opinion discussed section 2023.030 (formerly § 2023), which provides in relevant part: "To the extent authorized by the chapter governing any particular discovery method . . . [¶] (a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process . . . pay the reasonable expenses, including attorney's fees, *incurred by anyone as a result of that conduct.* . . . [¶] (b) The court may impose an issue sanction ordering that designated facts shall be taken as established in the action in accordance with the claim *of the party adversely affected by the misuse* of the discovery process. . . . [¶] . . . [¶] (d) The court may impose a terminating sanction by one of the following orders: [¶] (1) An order striking out the pleadings or parts of the pleadings of any party engaging in the misuse of the discovery process. . . . [¶] . . . [¶] (3) An order dismissing the action, or any part of the action, of that party. [¶] (4) An order rendering a judgment by default against that party." (Italics added.) On its face section 2023.030 appears to say monetary sanctions and issue sanctions can only be imposed in favor of a party who has suffered harm as the result of the sanctioned party's misuse of the discovery process but the most extreme sanction—the terminating sanction—can be imposed in favor of all parties regardless of whether they suffered harm as the result of the sanctioned party's conduct.

■    We believe the answer to the question whether a nonpropounding party can benefit from the sanction awarded a propounding party is not to be found in the ambiguous statutory language of sections 2025.480, 2030.300 or 2023.030 quoted above. Rather, we believe the answer is found in the

---

[40] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905.

[41] *Townsend v. Superior Court, supra,* 61 Cal.App.4th at page 1438, italics omitted.

statutory language instructing the trial court, when imposing discovery sanctions, to "make those orders that are just."[42]

For the reasons explained below in the case of a party who did not propound the discovery an award of sanctions is justified only if the nonpropounding party shows it suffered a detriment as the result of the sanctioned party's misuse of the discovery process.

■ It is well established "the purpose of discovery sanctions 'is not "to provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits," ' . . . but to prevent abuse of the discovery process and correct the problem presented . . . ."[43] Consistent with this statement of purpose the appellate courts have held "[t]he penalty should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery."[44] Awarding sanctions in favor of a party who propounded no discovery, had little or no interest in the discovery which was propounded, and waited " 'to get inta de act' "[45] until the propounding party moved for sanctions is not consistent with the purpose of discovery sanctions discussed above. Because the party propounded no discovery there was no discovery process to be "abused" and no "problem" to be "corrected." Furthermore, to dismiss an action in favor of a party who took no part in the discovery dispute until it was time to join the motion for sanctions would be to grant a windfall judgment to a party who had done nothing to deserve it. Surely this is not what the Legislature had in mind when it instructed the courts to issue "orders that are just."

This is not to say a nonpropounding party should *never* be awarded discovery sanctions. As the court recognized in *Calvert* there can be circumstances in which the discovery interests of the propounding party and a coparty are so closely aligned it would be a useless duplication of effort for both parties to pursue the same discovery and invoke the same remedies against an opposing party.[46] It is up to the trial court in the exercise of its

---

[42] Section 2025.480, subdivision (g); section 2030.300, subdivision (e).

[43] *McGinty v. Superior Court* (1994) 26 Cal.App.4th 204, 210 [31 Cal.Rptr.2d 292], citations omitted.

[44] *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 793 [149 Cal.Rptr. 499]; see also *Wilson v. Jefferson* (1985) 163 Cal.App.3d 952, 958 [210 Cal.Rptr. 464] among other decisions (quoting *Deyo*).

[45] *Townsend v. Superior Court, supra,* 61 Cal.App.4th at page 1434, quoting a line often used by the late comedian Jimmy Durante.

[46] *Calvert Fire Ins. Co. v. Cropper, supra,* 141 Cal.App.3d at page 905. In *Calvert* the court observed the interests of the propounding party and the coparty were "identical" (*ibid.*), but we do not interpret *Calvert* as holding the parties' interests need always be identical so long as they are close enough the nonpropounding party can demonstrate prejudice from the sanctioned party's violation of the discovery rules.

discretion to determine whether in a particular case the interests of the propounding party and a coparty are sufficiently aligned so that a sanction award to both would be just.

In the present case, the nonpropounding parties Andreu, Staley and Baker bore the burden of showing their interests in WKUS's discovery were sufficiently aligned so that they were prejudiced in the preparation of their defense by Parker's failure to respond to WKUS's interrogatories and submit to WKUS's deposition. Similarly, WKUS bore the burden of showing Parker's responses to WKUS's discovery propounded in its role as a defendant in Parker's action would have been relevant evidence or could have led to the discovery of relevant evidence in WKUS's cross-action against Parker.

Andreu, Staley, Baker and WKUS failed to carry these burdens even after Parker pointed out in his opposition to their motion for sanctions and in his appellate brief that the individual defendants never sought any discovery from Parker and WKUS sought discovery in its role as defendant only. In the trial court the individual defendants and WKUS merely argued "[t]he discovery that should have been obtained by defendant WKUS could have been used by all parties in the case" and "[a]ll defendants were adversely affected by Mr. Parker's discovery abuses and sanctions in their favor are appropriate." On appeal these parties make the same argument adding only that they are "closely related" because the individual defendants are present or former employees of WKUS.

The extent to which Parker's responses to interrogatories and his deposition testimony would have benefited the individual defendants and benefited WKUS in its cross-action against Parker required an analysis by the individual defendants and WKUS not mere legal conclusions they "could have used" Parker's responses and they were "adversely affected" by Parker's discovery abuses. Without such analysis and citation to the record showing how and why these conclusions were valid the trial court was in no position to determine whether the terminating sanctions were just.

For the reasons discussed above we hold the trial court abused its discretion in dismissing Parker's complaint against Andreu, Staley, and Baker and awarding a default judgment to WKUS on its cross-complaint.

## DISPOSITION

The judgment and monetary sanction of $2,200 in favor of WKUS on Parker's complaint is affirmed. In all other respects the judgment is reversed. The monetary sanction of $1,619.75 in favor of WKUS is reversed. The parties are to bear their own costs on appeal.

Woods, J., and Zelon, J., concurred.