Filed 1/30/14  Mabury Ranch HOA v. Peterson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE MABURY RANCH HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>JAMES R. PETERSON,<br><br>        Defendant and Appellant. | G044759<br><br>(Super. Ct. No. 30-2008-00115161)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, James Di Cesare, Judge.  Affirmed.

        James R. Peterson, in pro. per.; Victor E. Hobbs for Defendant and Appellant.

        Slaughter & Reagan, William M. Slaughter and Gabriele M. Lashly for Plaintiff and Respondent.

*        *        *

The Mabury Ranch Homeowners Association (the Association) successfully sued a homeowner regarding maintenance of his property and related issues. Due to an untimely notice of appeal, the only issue currently before this court is whether the trial court properly granted the Association $160,000 in attorney fees and $7,213 in costs as a prevailing party. Because Peterson has not established the trial court committed error, we affirm.

I

FACTS

In sum, the Association sued James Peterson for failing to maintain his home. The Association received a judgment in its favor in December 2010. On January 2011, the Association filed a motion seeking $235,247 in attorney fees, plus $4,800 in additional attorney fees and $7,213 in costs. Peterson opposed. On February 3, 2011, the court granted the Association $160,000 in attorney fees and $7,213 in costs, stating that "[i]t is undisputed that plaintiff prevailed in this action." The court calculated attorney fees at $185 per hour. The court also denied the Association's request for prelitigation fees of $10,199.

Peterson appealed, both from the underlying judgment and from the attorney fees order. On March 29, 2013, in response to the Association's motion to dismiss the appeal, we filed an order dismissing the appeal "as untimely to the extent it purports to appeal from the judgment filed on December 3, 2010. Appellant's notice of appeal, filed on February 4, 2011 is more than 60 days after respondent's service of notice of entry of judgment, which service occurred on December 3, 2010." We noted that we could, however, review the issue of attorney fees and costs. On April 26, we

denied Peterson's petition for rehearing on the order. On June 19, Peterson filed a "corrected" reply brief, purportedly in response to the court's orders.[1]

## II

## DISCUSSION

We first note that in his reply brief, refiled after we issued the order granting the motion to dismiss, Peterson purports to incorporate by reference his entire argument regarding attorney fees and costs in the trial court. This is improper. "'[I]t is entirely *inappropriate* for an appellate brief to *incorporate by reference* documents and arguments from the proceedings below. . . .' [Citations.] 'An appellant cannot rely on incorporation of trial court papers, but must tender arguments *in the appellate briefs*.' [Citation.]" (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 690, fn.18.) Further, "[i]t is well established, [that], this practice does not comply with rule 8.204(a)(1)(B) of the California Rules of Court, which requires an appellate brief 'support each point by argument and, if possible, by citation of authority.'" (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 290, fns. omitted.) We therefore decline to consider any argument not actually briefed. (*Id.* at p. 291.)

Moreover, Peterson's reply brief borders on incoherence. He never squarely addresses either the issue of whether the Association is entitled to attorney fees under law or contract or the amount of those fees. Instead, under the guise of "invited error caused by attorney's work which caused Court Error," he seeks to use the attorney fee issue as a reason to reverse the entire judgment. "The Appellant respectfully requests that the lawsuit be dismissed with prejudice . . . ."

---

[1] On June 20, 2013, after we issued our order granting the Association's motion to dismiss the appeal with the exception of attorney fees and costs, Peterson filed a motion to augment the record with documents regarding the HOA's bylaws, election rules, an election tally sheet, and photographs of Peterson's residence. Although these documents are not pertinent to the only issue remaining on appeal, the motion is unopposed, and we therefore grant it.

In short, Peterson's briefs do not discuss, with reasoned argument and citations, the only issues he was permitted to pursue. At oral argument, he again addressed issues relating to the validity of the underlying judgment, which is now final, rather than the question of attorney fees and costs. We would be well within the scope of proper appellate procedure to deem his entire argument waived. (*Jones v. Superior Court* (1998) 26 Cal.App.4th 92, 99.) Instead, we will briefly address the relevant points relating to attorney fees and costs.

The first question is whether the Association was legally entitled to attorney fees. Article XIV, Section 9 of the Association's CC&R's states: "In the event action is instituted to enforce any of the provisions contained in this Declaration, the party prevailing in such action shall be entitled to recover from the other party thereto and as part of the judgment, reasonable attorneys' fees and costs of suit." Thus, under this provision, the Association is entitled to fees under ordinary theories of contract law and Civil Code section 1717. Further, Civil Code section 1354, subdivision (c), provides that "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." As the trial court noted, "[i]t is undisputed that plaintiff prevailed in this action." Thus, as the prevailing party, the Association is entitled to attorney fees.

The only other question is whether the fees awarded were reasonable. Despite Peterson's assertions of "invited error caused by attorney's work which caused Court Error," he offers no authority, and no evidence other than his opinion, as to why this should reduce the attorney fee award. Indeed, the Association, in its motion below, offered admissible evidence to establish that if anything increased the amount of attorney fees in this case, it was Peterson's intransigence.

The trial court determined that $185 per hour was reasonable, although the Association's counsel's declaration stated he ordinarily received $220 to $240 per hour. Peterson offered no evidence to show that either the rate nor the number of hours worked

4

was unreasonable.  He similarly offers no argument on costs.  We find no error with respect to either award.

III

DISPOSITION

The judgment is affirmed.  The Association is entitled to its costs on appeal.  The Association may file an appropriate motion for attorney fees on appeal with the trial court.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.