Filed 1/12/16  Marriage of Dilday CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of KARYNN D. and ROBERT B. DILDAY. | |
| KARYNN D. PENSANTI,<br><br>      Appellant,<br><br>            v.<br><br>ROBERT B. DILDAY,<br><br>      Respondent. | G051083<br><br>(Super. Ct. No. 01D008602)<br><br>O P I N I O N |

       Appeal from an order of the Superior Court of Orange County, Paula J. Coleman, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)   Affirmed.

       Gary Paul Levinson for Appellant.

       No appearance for Respondent.

*        *        *

       This is an appeal from an award of $1500 in discovery sanctions against the attorney for Karynn D. Pensanti (wife) to the attorney for respondent Robert B. Dilday

(husband).  Wife's attorney, Gary Paul Levinson, argues the court abused its discretion in awarding the sanctions.  We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

The marriage of husband and wife was dissolved, as best we can determine from the record, in the early 2000's.  The parties have one minor daughter who is now 15 years old (child).  Husband has had sole physical custody of the child since 2004, with visitation ordered for wife, who was also ordered to pay child support.

In November 2013 wife filed a request for an order to modify child support and visitation.[1]  In January 2014 husband filed a request for an order to allow him to move with the child to Arizona and to modify visitation.[2]  In addition, husband, in propria persona filed a motion dealing in some fashion with child support.[3]

On February 18, 2014 wife served on husband a request for production of documents (Request), containing 12 requests for bank records, tax returns, and a variety of other documents evidencing husband's financial status, seeking some documents dating back as far as 2011 and 2012.  The Request purported to rely on Code of Civil Procedure sections 2030 and 2031.[4]  (All further undesignated statutory references are to this code.)

---

[1]  The Department of Child Support Services, County of Orange (DCSS) was enforcing child support.  It filed a response asking the court take judicial notice of the most recent child support order dated July 2011 and an unspecified court ruling in July 2013 and sought a "guideline child support order."

[2]  On June 16, the court granted the move-away order.

[3]  The documents in the record refer to it merely as the child support matter. Husband claims wife is over $30,000 in arrears.

[4]  Both of these sections were repealed, effective 2005 and reenacted without substantive change in sections 2030.010 through 2030.410.  (Stats. 2004, ch. 182, § 23 [repealing §§ 2030 & 2031]; Stats. 1992, ch. 182, § 23 [enacting §§ 2030.010 through 2030.410]; *Parker v. Wolters Kluwer United States, Inc*. (2007) 149 Cal.App.4th 285, 298, fn. 33.)

On April 2, Levinson sent a letter to husband's lawyer, notifying him the responses to the Request were late and demanding responses be provided without objection before April 14 or a motion to compel production and request for sanctions would be filed. On April 3, husband's counsel replied, advising that the two code sections had been repealed, and claimed that on that basis he could not determine what was being requested. He also noted the Request was missing a page and there was no time set out for when a response was due. Finally he stated that he would respond to a valid demand.

On April 7, Levinson sent a letter to husband's attorney enclosing another copy of the Request. It apparently included all the pages and also included the original February 18 proof of service. The letter maintained sections 2030 and 2032 were still valid. It also asserted that on the chance a page had been missing from the original Request, Levinson would allow another 30 days for a response. On May 15 Levinson filed a motion to compel production of the documents without objection and for sanctions.

Also on May 15, husband served his responses, objecting to each separate request based on relevance. He also stated he had searched for the documents, did not have the documents, did not know of anyone who had the documents, and could not produce them. Because husband had responded to the Request, Levinson withdrew his original motion to compel.

Apparently there was some communication between husband's lawyer and Levinson that is not in the record. On June 3 Levinson wrote to husband's lawyer, referencing the latter's letter of the same date, advising he would be filing a motion to compel further responses if the documents were not produced by June 6. When he received no documents, on June 10 Levinson filed another motion to compel further responses and for sanctions.

Husband's opposition to the motion to compel argued the Request was "statutorily flawed" because it relied on sections 2030 and 2031, which had been repealed. It also contended the Request did not comply with statutory formatting requirements because it did not contain a due date for a response and was not numbered consecutively due to the missing page. In addition, husband, who was self-represented in the child support motion, had not been personally served with the Request. Finally, the motion, which was seeking sanctions, did not show that request in the caption as required and did not include an income and expense declaration.

The motion to compel production was heard on July 23, and on July 29 the court denied the motion based on failure to comply with the Code of Civil Procedure. It cited to wife's reliance on the repealed sections 2030 and 2031 and her failure to serve DCSS. It also mentioned the missing page in the original Request. The court noted that when husband's counsel pointed out the defects, they were not corrected.

The court observed that, although not required to do so, husband then filed a response to the flawed Request, and Levinson, "without merit," filed another motion to compel responses.

The court stated that at the hearing it had not addressed each individual request but had noted they appeared to be burdensome and overbroad, seeking documents dating from 2011, which would not be relevant when the motion to modify support was filed in November 2013. The court also said husband's attempt to meet and confer in good faith was unsuccessful.

Finally, the court highlighted that motions to compel discovery "are usually reserved for the most wil[l]ful failure to comply with legitimate and properly served discovery requests" and commented that it would consider a motion for attorney fees from husband based on having to respond to Levinson's "defective and frivolous motions."

4

Subsequently, in September 2014 husband filed a motion for sanctions, asserting the two motions to compel were frivolous. He argued Levinson misused the discovery process and failed to cooperate.

In his declaration in opposition to the motion, Levinson explained wife had mental health issues, which had a negative impact on her business and she was receiving food stamps. He also stated husband's Income and Expense Declaration originally filed in connection with his opposition to wife's request to modify child support was incomplete, thus triggering the Request. Levinson explained husband had refused to produce the documents. In a subsequent Income and Expense Declaration husband again failed to include his retirement income. At trial on the move-away petition, husband disclosed he had received $300,000 as part of an inheritance he had not reported. In the ruling on the move-away motion the court ordered husband to pay $3,000 of wife's attorney fees. Levinson reiterated that husband had acted in bad faith in failing to produce "basic financial information." (Underscoring omitted.)

The court granted the motion for sanctions in favor of husband, essentially relying on the same reasons given for denying the motion to compel production of documents, including reliance on incorrect code sections, failing to serve DCSS, and failing to correct defects in the Request after husband's counsel pointed them out. Nevertheless, Levinson had "insisted on proceeding in an inexplicable manner without justification," forcing husband to expend unnecessary fees in responding. Wife also sought attorney fees and sanctions.

The court ruled this was a "misuse of the discovery process" and, in its discretion, ordered Levinson only to pay sanctions of $1,500.

## DISCUSSION

Pursuant to section 2023.030, subdivision (a), if the court denies a motion to compel production of documents, it must impose sanctions on the moving party unless it finds the moving party "acted with substantial justification or that other circumstances

5

make the imposition of the sanction unjust." " " " "Whenever one party's improper actions—even if not 'willful'—in seeking or resisting discovery necessitate the court's intervention in a dispute, the losing party presumptively should pay a sanction to the prevailing party.' " [Citation.]" (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 878.)

We review an appeal from an order granting discovery sanctions for an abuse of discretion. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.) "'Sanction orders are "subject to reversal only for arbitrary, capricious or whimsical action." [Citations.]' [Citations.]" (*Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1560.)

In attacking the sanctions ruling, Levinson focuses almost exclusively on why the motion to compel was proper. This argument is flawed for two reasons.

First, Levinson never appealed from the ruling denying that motion but only from the order awarding sanctions. Where more than one appealable order is issued during the same time period, each order must be separately appealed or specifically designated in the notice of appeal. (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) Otherwise the issue is forfeited. (*Ibid.*) Thus wife has waived any errors based on the denial of the motion to compel production.

Second, even on the merits, the ruling denying the motion to compel was sound. The court made factual findings about the deficiencies of the motion as noted above. Levinson argues there was evidence showing why the court should have granted the motion, including that the purpose of the Request was to obtain "rudimentary financial information" (boldface omitted) and not for purposes of harassment; husband lied on his Income and Expense Declaration and did not report $300,000 until it was revealed in the hearing on the move-away order; husband's objections to the Request were untimely; and wife was indigent and Levinson was not requiring she pay him.

6

But based on the defects in the Request and Levinson's failure to correct at least some of them, the court found Levinson did not act with "substantial justification." (§ 2023.030, subd. (a).)  The court further found husband was not required to answer the Request at all, so his objections could not be untimely.  Further, wife's indigency and Levinson's representation without charging fees have nothing to do with whether the motion to compel was justified.

Moreover, that there were reasons the court might have granted the motion is irrelevant.  "[W]e resolve any evidentiary conflicts most favorably to the trial court's ruling."  (*Ellis v. Toshiba America Information Systems, Inc*., *supra*, 218 Cal.App.4th at p. 878.)

Further, there is substantial evidence to support the court's findings.  "'It is the exclusive function of the trial court to weigh the evidence, resolve conflicts and determine the credibility of witnesses [citation] and if its interpretation . . . is reasonable, a reviewing court will not disturb the trial court's determination in the matter unless an abuse of discretion is clearly shown [citation].' [Citation.]"  (*Tucker v. Pacific Bell Mobile Service*, *supra*, 186 Cal.App.4th at p. 1562.)

Levinson briefly argues the trial court "prevented [him] from making a record" when it denied his request for a court reporter.  He also contends the court did not make an effort to review whether there was substantial justification for his acts or whether, under the circumstances, imposition of sanctions would be unjust.  He further maintains the court did not allow him to question husband at the hearing on the motions for sanctions.  Additionally, he asserts he "suspected" the court was biased against wife and himself.

But these arguments are made in the one-page conclusion section of the brief, violating the California Rules of Court.  California Rules of Court, rule 8.204(a)(1)(B) requires that there be a separate heading for each discrete issue.  The rule also requires that each point be supported by reasoned legal argument and authority, if

7

available.  (*Ibid.*)  Thus, we could determine these arguments are forfeited.  (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289,1294 ["we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument"].)

But even on the merits they fail.  Wife cites no authority showing she had a right to a court reporter.  The court's order stated she could bring her own should she want to.  Likewise, Levinson provides no showing she had the right to question husband at the hearing on the motion.  Law and motion matters are generally decided on declarations, and the court is not required to admit testimony.  (§ 2009; *North Beverly Park Homeowners Assn. v. Bisno* (2007) 147 Cal.App.4th 762, 778-779; Cal. Rules of Court, rule 3.1306(a), (b) [court may allow testimony for good cause if party seeking to admit oral testimony files timely request with statement showing "nature and extent" of proposed evidence].)   Moreover Levinson points to nothing in the record to corroborate his suspicions the court was biased.  Finally, the fact the court "ignored" wife's request of sanctions needs no discussion.

"Unless there has been a clear miscarriage of justice, a reviewing court will not substitute its opinion for that of the trial court so as to avoid divesting the trial court of its discretionary power.  [Citation.]"  (*Medical Bd. of California v. Chiarottino* (2014) 225 Cal.App.4th 623, 628.)  The court's ruling here was not a miscarriage of justice.

## DISPOSITION

The order is affirmed.  Respondent not having appeared, no costs are awarded.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.