Filed 3/25/24  Galea v. Almquist CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JOE GALEA, | C095972 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2018-00243538CU-BC-GDS) |
| v. | |
| CHERYL L. ALMQUIST, | |
| Defendant and Appellant. | |

SUMMARY OF THE APPEAL

On April 7, 2022, the Sacramento Superior Court entered a judgment against appellant and defendant Cheryl L. Almquist in favor of respondent and plaintiff Joe Galea.  Among other things, the judgment includes $79,200 due on Galea's first cause of action against Almquist, plus interest on that sum at the rate of 10 percent per annum from October 30, 2018, through March 30, 2022, for a total of $106,260.

1

In her opening brief Almquist refers to a "final [judgment] in favor of Joseph Galea in the amount of $97,015.82 (November 18, 2021)." This is likely a reference to a tentative ruling and proposed statement of decision that was filed on November 18, 2021 (tentative ruling), which Almquist attached to the Civil Case Information Statement she filed in this court, but to which she does not cite in her brief.

In her notice of appeal, filed on March 24, 2022, Almquist identified the judgment from which she appeals as entered on February 22, 2022. However, the April 7, 2022, judgment is the only one we have been provided as part of the record. To the extent we can discern Almquist's position based on her opening brief, it appears that in this appeal she disputes the amount awarded on the first cause of action. We will affirm.

Here, Almquist has failed to provide an adequate argument or record. We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The record in this appeal does not include a copy of the complaint.

The trial court conducted a bench trial in October 2021.

Based on the testimony and arguments at trial, and on the tentative ruling, it appears the first cause of action was a breach of contract cause of action that stemmed from a $90,000 transfer of funds that Galea made or arranged to have made to Almquist in June 2017 while they were living together in a romantic relationship. Galea testified that the transfer was a loan whose terms were agreed to verbally. Almquist testified the transfer was not a loan, but a gift of sorts, as a way for Galea, who had just obtained a settlement in a legal action, to pay Almquist back for all the living expenses she incurred over the years they lived together.

At the close of trial, the trial court asked for supplemental briefs on the contract claim stating it was interested in (1) whether the parties really contemplated a contract;

(2) whether the statute of frauds defense applied; and (3) whether, if there was no contract, quantum meruit applied.

## DISCUSSION

"[A] fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Although Galea did not file a respondent's brief, Almquist's burden remains, and we may decide the appeal on the record, the opening brief, and oral arguments. (Cal. Rules of Court, rule 8.220(a)(2); see *People v. Mosqueda* (2023) 97 Cal.App.5th 399, 405.) "[S]elf-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [].) 'A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation.' (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 [].)" (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 345.) Almquist has failed to meet her burden.

All arguments made in appellate briefs must be "under a separate heading or subheading summarizing the point," and each point must be supported "by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) This obligation requires more than simply stating a bare assertion that the judgment "is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness." (Eisenberg et. al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2022) ¶ 8:17.1; see also *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 565 [quoting Eisenberg when finding an

3

appellant's argument could not prevail on the grounds the appellant failed to "develop a reasoned argument supported by legal authority"]; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [quoting Eisenberg]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["This court is not inclined to act as counsel . . . for . . . any appellant and furnish a legal argument"].)

Appellate briefs must also "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) We deem arguments not supported by citations to the record to have been waived. (*Brown v. El Dorado Union High School Dist.* (2022) 76 Cal.App.5th 1003, 1021.) And, "we will not scour the record on our own in search of supporting evidence" and if a party fails to direct us to where in the record we can find the necessary evidence, "they cannot complain when we find their arguments unpersuasive." (*Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149.)

We will not look to a party's brief filed in the trial court to satisfy its duty to support their points with sufficient argument on appeal. (Cf. *Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 290-291 [refusing to consider arguments made in the trial court incorporated by reference into appellate briefs due to lack of compliance with the requirements of Cal. Rules of Court, rule 8.204(a)(1)(B)].)

Almquist has failed to sufficiently develop and support her arguments. Her central argument, which is little more than an undeveloped conclusory statement, seems to be that Galea failed to provide enough evidence to prove the existence of all the elements needed to form a valid contract, and that it was his burden to do so. But Galea testified to the existence of an oral loan contract. Either the trial court accepted this and treated it as a binding contract under the law, or it applied some other legal doctrine to the parties' evidence to conclude Almquist owed Galea the funds. To the extent the trial court accepted Galea's version of the facts over Almquist's, it was entitled to do so. (*In re Marriage of Greenway* (2013) 217 Cal.App.4th 628, 652 ["The trial court is the arbiter of the credibility of the witnesses"].) To the extent the trial court concluded the contract

4

was enforceable or that Galea was entitled to reimbursements on other grounds, Almquist has failed in her arguments to provide us (1) citations to where in the record we can find the disputed findings and evidence considered in making those findings; and (2) a developed argument with citations to the record and complete legal authority as to why the trial court's conclusion was incorrect. To wit, Almquist has not even identified, with legal citations, what elements Galea was obligated to prove to establish a contract or to succeed on an alternative quasi-contract theory possibly relied on by the trial court.

Additionally, the record before us is inadequate. It lacks a copy of the supplemental brief Galea filed in the trial court in response to the trial court's request for supplemental briefing, the complaint (Cal. Rules of Court, rule 8.320(b)(1)), trial briefs, or the February 22, 2022, ruling or announcement that according to the notice of appeal prompted Almquist to file her notice of appeal before the judgement we have in the record was entered. This leaves us with some confusion as to the full and precise scope of the decision upon which this appeal is based. The duty to provide a record to review falls to the appellant. (*Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72; Cal. Rules of Court, rule 8.121.) "[W]e will not take it upon ourselves to fulfill [appellant's] responsibilities." (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 499.) "Failure to provide an adequate record on an issue requires that the issue be resolved against" the appealing party. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Without a fully developed argument and adequate record, Almquist has failed to meet her burden as the appellant.

DISPOSITION

The judgment is affirmed. Each party to bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
HULL, J.

We concur:

_____
EARL, P. J.

_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6